IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| Petitioner, § | |
| V. § | |
| § | |
| $33,890.00, MORE OR LESS, IN UNITED § | A-15-CV-037-LY-ML |
| STATES CURRENCY, *et al.,* § | |
| Respondents. § | |

REPORT AND RECOMMENDATION

TO THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are Claimant, Robert Guerin's Motion to Dismiss Petitioner's Verified Complaint [Dkt. #10] and the United States' Response in Opposition to Motion to Dismiss [Dkt. #11]. The motion and related briefing were referred by United States District Judge Lee Yeakel to the undersigned for a Report and Recommendation as to the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. After reviewing the pleadings, the relevant case law, as well as the entire case file, the undersigned issues the following Report and Recommendation to the District Court.

I.   **BACKGROUND**

On November 18, 2014, the Austin Police Department (APD) and the U.S. Department of Treasury, Internal Revenue Service, Criminal Investigation (IRS-CI) jointly seized approximately $33,890.00, a Rolex Submariner watch, a Rolex Daytona watch, and a Tag Heuer Monaco watch (collectively, the "Respondent Properties") from a storage unit in Austin, Texas, pursuant to a search warrant issued by a state court judge. Verified Compl. [Dkt. #1] at 3-4. On January 16, 2015, the United States filed a Verified Complaint for Forfeiture seeking forfeiture

1

of the Respondent Properties to the United States as property involved in or traceable to unlawful drug or money laundering activities. *Id.* at 6.  The Verified Complaint alleges the search of the storage unit (and seizure of its contents) occurred in the course of an ongoing investigation of Guerin for alleged large scale marijuana dealing.  *Id.* at 3-6.  A large part of the factual allegations in the Verified Complaint concern a 2013 civil forfeiture action, that allegedly grew out of the same ongoing investigation of Guerin for marijuana dealing, in which Guerin was stopped by the Transportation Security Administration (TSA) attempting to carry a bag that contained approximately $78,700 of cash in heat-sealed packages on a flight out of Austin.  *Id.* at 4-5.  A drug-sniffing dog alerted on the cash, and agents opening the heat-sealed packaging smelled a strong odor of marijuana on the cash.  *Id.*  The United States contends this prior seizure should be considered together with the investigating officers' contemporaneous observations and statements from confidential informants regarding Guerin's alleged drug dealing activities around the time of the 2014 seizure to establish probable cause that the Respondent Properties found in Guerin's storage unit were proceeds of, or used in a large-scale, ongoing marijuana dealing enterprise.  *Id.*

On April 7, 2015, Petitioner served Guerin through attorney Richard S. Hoffman, the attorney who represented Guerin in the 2013 civil forfeiture arising out of the seizure of the marijuana-scented cash at the airport.  Resp. [Dkt. #11] at 5-6 and Ex. B, C.  It is undisputed that Hoffman was the Guerin's attorney on the 2013 forfeiture matter, and was corresponding with the IRS as Guerin's agent on that prior matter through at least February 17, 2015.  *Id.*  It is likewise undisputed that Hoffman is now representing Guerin in his efforts to dismiss the current forfeiture claim.  *See generally* Mot. Dism. [Dkt. #10].  Nevertheless, Guerin contends Hoffman did not represent him at the time the United States served him with notice of this civil forfeiture

2

claim in April of 2015, and therefore service on Hoffman was not effective to provide notice to Guerin. Guerin additionally complains that notice of the civil forfeiture proceeding was not provided "as soon as practicable, after the date of seizure," contrary to 18 U.S.C. § 983(a)(1)(A)(i). Mot. Dism. [Dkt. #10] at 1. Guerin thus moves to dismiss the civil forfeiture complaint for lack of proper notice. *Id.*

Additionally and in the alternative, Guerin moves to dismiss the complaint for lack of jurisdiction, asserting that Attorney General Eric Holder made a policy announcement on January 16, 2015 that "state and local authorities would be barred from transferring assets to the federal government for forfeiture (with some limited exceptions, none of which apply here)." *Id.* at 2-3.

The United States responds that Petitioner's Motion to Dismiss is procedurally barred because he has not filed a timely verified claim to the Respondent Properties, and the time to do so has expired. Response [Dkt. #11] at 3. Alternatively, the United States asserts service on Guerin through his attorney was timely and effective, *id.* at 4-5, and the Attorney General's policy statement does not prohibit the civil forfeiture of the property at issue or deprive this Court of jurisdiction to hear the civil forfeiture claim, and. *Id.* at 7-8.

## II.  APPLICABLE LAW

The procedures governing civil judicial forfeiture actions are found in the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. § 983 *et seq.*, and in the Federal Rules of Civil Procedure's Section XIII, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. *United States v. $4,629.00 in United States* Currency, 359 F. Supp. 2d 504, 507 (W.D. Va 2005). In a civil judicial forfeiture action, Supplemental Rule G provides the requirements for effective notice. *See* 18 U.S.C. § 983(a)(4) (incorporating by reference FED. R.

3

CIV. P. § XII, Suppl. R. G). Notice of the complaint for civil judicial forfeiture must be served on known interested parties within 30 days after final publication of newspaper notice or, alternatively, within 60 days after the first day of publication on an official internet government forfeiture site. FED. R. CIV. P. § XII, Suppl. R. G(4)(b)(i) (incorporating by reference Suppl. R. G(5)(a)(ii)(B)). "Notice may be sent to the potential claimant or to the attorney representing the potential claimant with respect to the seizure of the property or in a related investigation, administrative forfeiture proceeding, or criminal case." FED. R. CIV. P., §X II, Suppl. R. G(4)(b)(iii)(B).

Effective notice is the starting point for the claimant's deadlines to challenge the forfeiture. 18 U.S.C. § 983(a)(4)(A); FED. R. CIV. P. § XII, Suppl. R. G(5)(a). A person who asserts an interest in the property that is the subject of the action must file a verified statement identifying the interest within 30 days after the date of service of the Government's complaint. 18 U.S.C. § 983(a)(4)(A). Such a filing establishes the party's statutory standing, and is a "prerequisite" to defending on the merits. *Cactus Pipe & Supply Co., Inc. v. M/V Montmartre*, 756 F.2d 1103, 1114 (5th Cir. 1985); *see also United States v. Vazquez-Alvarez*, 760 F.3d 193, 197 (2d Cir. N.Y. 2014). ("[T]he Forfeiture Rules require claimants first establish [statutory] standing to intervene in the in rem action before moving to dismiss.")

### III. ANALYSIS

#### A. Guerin May Challenge The Adequacy of Notice

The United States contends the Motion to Dismiss is procedurally barred because Guerin has not submitted a verified claim stating his interest in the Respondent Properties and thus lacks statutory standing. Response [Dkt. #11] at 3-4. To the extent Guerin's complaint challenges the

adequacy of notice of the forfeiture proceeding, the United States' standing argument misses the mark. Guerin has standing to assert that he is a person with a known potential interest in forfeited funds and he failed to receive constitutionally adequate notice. *United States v. $73,919.00 In United States Currency, More or Less*, 451 F. App'x 421, 424 (citing *Kadonsky v. United States,* 216 F.3d 499, 503 (5th Cir. 2000)). Potential claimants can bring suit on the issue of proper notice without first filing a verified claim; indeed, both the 2011 forfeiture proceeding cited above and its parent case, *Kadonsky v. United States*, involved challenges to notice seeking to void a civil forfeiture after the time to file verified claims had long expired. *United States v. $73,919.00*, 451 F. App'x at 424; *Kadonsky*, 216 F.3d at 503.

### B.     Notice was timely and effective

Guerin moves to dismiss the forfeiture action as procedurally defective, asserting he did not receive timely, effective notice of the forfeiture claim. Specifically, Guerin complains that his direct notice was untimely because it was not served "as soon as practicable after the forfeiture" as required by 18 U.S.C. § 983(a)(1)(A)(i). The statuory language on which Guerin relies is inapplicable, because this is a civil judicial forfeiture action, filed within 60 days of the underlying seizure, the government was required to provide direct notice to the claimant in accordance with Section 983(a)(4)—not Section 983(a)(1). 18 U.S.C. §§ 98318 U.S.C. § 983(a)(1)(A)(i), (ii); 983(a)(4) (incorporating by reference FED. R. CIV. P. § XII, Suppl. R. G). These Rules require that direct notice be served within 30 days of the last date of newspaper-published notice, or within 60 days of the first date of internet-published notice. FED. R. CIV. P. § XII, Suppl. R. G(4)(b)(i) (incorporating by reference Suppl. R. G(5)(a)(ii)(B)). Guerin makes no contention that service of direct notice was untimely under Section 983(a)(4) or the incorporated federal Rule G. Therefore, the motion to dismiss fails to establish untimely service.

Guerin further asserts service on the attorney who represented him in the 2013 forfeiture action (which was ongoing at the time the instant forfeiture complaint was filed) was not effective to provide direct notice to him.  This argument fails because the rules for direct notice in a civil judicial forfeiture action provide for direct notice to a potential claimant through service on an attorney who is representing the potential claimant with respect to an investigation related to the seizure of the property.  FED. R. CIV. P., §XII, Suppl. R. G(4)(b)(iii)(B).  The United States alleges this forfeiture arises out of the same ongoing investigation of Guerin that resulted in the 2013 forfeiture in which Hoffman represented Guerin.  Verified Compl. [Dkt. #1] at 4-5.  Because Hoffman represented Guerin in the course of settling asset forfeiture claims related to that ongoing investigation, notice to Hoffman was effective direct notice to Guerin under Rule G.  FED. R. CIV. P., §XII, Suppl. R. G(4)(b)(iii)(B).  In evaluating fair notice under Supplemental Rule G, courts have found "due process can be satisfied by mailing notice of a forfeiture proceeding to a party's attorney, even where the attorney only represented the party in a pending and related proceeding."  *United States v. Davenport*, 668 F.3d 1316, 1323 (11th Cir. Ga. 2012) (collecting cases).  Furthermore, Rule G provides for effective "actual notice,"[1] which Guerin clearly had at least as of the date of his Motion to Dismiss [Dkt. #10], filed June 26, 2015.  FED. R. CIV. P., §XII, Suppl. R. G (4)(b)(iv).  Therefore, Guerin's motion to dismiss based on ineffective notice of the forfeiture claim must be denied.

### C. Guerin's Challenge to the Validity of the Forfeiture is Procedurally Barred

Guerin not only asserts procedural defects, but also claims that a policy statement by then-Attorney General Eric Holder establishes a "lack of jurisdiction" to support the forfeiture.

---

[1] Although the United States is obligated to make a good faith effort to provide notice consistent with these rules, "[a] potential claimant who had actual notice of a forfeiture action may not oppose or seek relief from forfeiture because of the government's failure to send the required notice." FED. R. CIV. P., §XII, Suppl. R. G (4)(b)(iv).

Mot. Dism. [Dkt. #10] at 2.  To the extent Guerin is asserting the DOJ policy statement deprives this Court of subject matter jurisdiction, this challenge is not procedurally barred—the Court has the power and the duty to examine the basis for federal subject matter jurisdiction *sua sponte*. *See Perez v. Stephens*, 784 F.3d 276, 280 ("It is axiomatic that we [the federal courts] must consider the basis of our own jurisdiction, sua sponte if necessary.")  Guerin, however, has not provided any authority suggesting that a federal agency's internal policies or rules affect the scope of an Article III court's jurisdiction to hear claims predicated on the federal civil forfeiture statute.  It is apparent this Court has jurisdiction to determine the validity of the civil judicial forfeiture action initiated under 18 U.S.C § 983.  *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

To the extent Guerin relies on the Attorney General's policy statement to attack the validity of the forfeiture complaint, however, this challenge is procedurally barred because Guerin has not filed a verified claim stating his interest in the Respondent Properties.  *Cactus Pipe & Supply Co., Inc. v. M/V Montmartre*, 756 F.2d 1103, 1114 (5th Cir. 1985).  The time for him to file a verified claim has now expired.[2] 18 U.S.C. § 983(a)(4)(A).

"'The filing of a claim is a prerequisite to . . . defending on the merits.'"  *United States v. $25,000.00, United States Currency*, 2012 U.S. Dist. LEXIS 178601 (S.D. Miss. Dec. 18, 2012).

---

[2] Guerin was required by the civil forfeiture statute to file a verified claim within 30 days of receiving notice of the complaint.  18 U.S.C. § 983(a)(4)(A).  For the reasons set out above, service on Guerin's attorney, Hoffman, on April 7, 2015, was sufficient under Rule G and satisfied the requirements of due process.  *See*  FED. R. CIV. P., §XII, Suppl. R. G(4)(b)(iii)(B).  Therefore, Guerin should have filed a verified claim on or before May 7, 2015.  18 U.S.C. § 983(a)(4)(A). At the very latest, Guerin should have filed a verified claim within 30 days of receiving actual notice of the claim, which must have occurred by June 26, 2015 at the latest, when Hoffman appeared on his behalf in this case.  *See* Mot. Dism. [Dkt. #10].  Thus, the very latest date by which Guerin could have filed an arguably timely verified claim would have been July 27, 2015.  It is undisputed that Guerin has not filed a verified claim stating his ownership interest in the Respondent Properties as of September 30, 2015.

(quoting *Cactus Pipe & Supply Co., Inc.* 756 F.2d at 1114).  A claimant must file a verified claim in order to establish statutory standing to contest the forfeiture action. *United States v. Tract No. Eighty-One 81 of Sunrise Acres Recorded in Volume 2*, No. 96-50180, 1996 U.S. App. LEXIS 43373, *2-3 (5th Cir. Oct. 21, 1996); *see also United States v. One Parcel of Real Property*, 46 F. Supp. 2d 572, 580-82 (S.D. Miss. 2008).  A claimant cannot avoid the procedures outlined in the Supplemental Rules (including the requirement of a verified pleading stating the nature of his ownership interest in the Respondent Properties) by moving straight to the motion to dismiss.  *See Vazquez-Alvarez*, 760 F.3d at 197 ("At bottom, to challenge the forfeiture here [claimant] first needed to establish standing and then make his arguments in the form of a motion to dismiss.").  Because Guerin was properly served with notice of the forfeiture complaint through service on his attorney, but did not timely establish statutory standing to challenge the merits of the forfeiture action, his Motion to Dismiss should be DENIED.

## IV. RECOMMENDATIONS

For the reasons outlined above, the undersigned recommends that Claimant's Motion to Dismiss Petitioner's Verified Complaint [Dkt. #10] be DENIED.

## V.     OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the

Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C);  *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED October 1, 2015

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE